UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CAPRICE WEBSTER, | Case No. 22-11293 |
| Plaintiff, | |
| v. | F. Kay Behm |
| | United States District Judge |
| TARGET CORPORATION, | |
| Defendant. | Curtis Ivy, Jr. |
| _____/ | United States Magistrate Judge |

**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO QUASH (ECF No. 20), AND DENYING PLAINTIFF'S MOTION TO COMPEL AND GRANTING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF No. 22)**

This is an employment discrimination case. Both parties have filed motions—the Defendant to quash the second deposition subpoena of Joseph Shelby, Plaintiff to compel Shelby's and another's deposition and for a protective order containing some rules related to the course of depositions and discovery. (ECF Nos. 20, 22). The case was referred to the undersigned to handle all discovery motions. (ECF No. 21).

A.   General Discovery Principles

Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

A.    Joseph Shelby's Deposition

Joseph Shelby, a former Target employee, sat for his deposition on January 10, 2023, beginning at 2pm. Plaintiff's counsel terminated the deposition at about 5:30pm with the intent to continue another day. Plaintiff later issued a subpoena to continue the deposition. Shelby and Defendant's counsel object to appearing again. Defendant relies on Federal Rule of Civil Procedure 30(d)(1), which provides that unless agreed to or ordered otherwise, depositions are limited to one day of seven hours.

Plaintiff argues a second day to complete the full seven hours of deposition is necessary because Shelby could not answer questions and both of Defendant's counsel unreasonably interfered with the deposition by lodging 118 objections on the basis of "form" and in engaging in speaking objections. (ECF No. 26, PageID.468-69). She says it was impossible to finish the deposition because of these interruptions and because after a late break, Shelby was wearing his coat and made a comment implying he wanted the deposition to end. (*Id.*). So she moves to compel the deposition. (ECF No. 22).

Defendant asserts that Shelby does not have adequate knowledge to answer Plaintiff's questions because he was not Plaintiff's direct supervisor and has vague memories of the reason Plaintiff was terminated. (ECF No. 20, PageID.154). It says Plaintiff can get information elsewhere, for example Target's policies were produced in document production. In response, Plaintiff points to another non-party's deposition in which the witness stated that Shelby was part of the decision to terminate Plaintiff, thus he has relevant knowledge. (ECF No. 26, PageID.469).

The first issue here is whether Defendant has standing to challenge the subpoena to Shelby; neither party addressed this. Ordinarily, a party has "'no standing to seek to quash a subpoena directed to a non-party.'" *Underwood v. Riverview of Ann Arbor*, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) (quoting *United States v. Wells*, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3,

3

2006)). If the movant can show the subpoena would violate their privilege or a personal right, they may have standing. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997). Defendant does not assert a privilege or personal right. Instead, it argues that the proposed two days for a deposition violates the rules of civil procedure. Plaintiff did not challenge Defendant's standing to move to quash the subpoena. Defendant also moved under Fed. R Civ. P. 26(b)(2)(C)(i), which allows the Court to limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from a more convenient, less burdensome source. The Court need not decide whether Defendant has standing to move to quash the subpoena here because Plaintiff also moved to compel the deposition, and the Court can rule on that without question.

There is no dispute that Plaintiff unilaterally terminated the deposition. It was stated on the record that both Defense counsel and Shelby were prepared to continue for the full seven hours. (ECF No. 26-2, PageID.573, 576).

As for Defense counsels' objections, while there were occasions in which counsel for both sides argued the propriety of a line of questioning, the bulk of the deposition was a back and forth between Plaintiff's counsel and Shelby. When defense objected (and there were many objections), for example on the basis of "form," the objections were short with few words, not taking up an inordinate amount of time. In other words, on review of the transcript, the objections did not

4

seriously interfere with counsel's ability to question Shelby; the objections were not a reason why Plaintiff did not complete the deposition. And it does not appear that both defense counsel objected at the same time or to the same question. It is not inappropriate to have more than one counsel present during a deposition, or for more than one to speak during the deposition, so long as there is no talking over each other or opposing counsel, which did not occur here. And even if the objections caused undue delay, four hours remained for counsel to question Shelby, which was ample time to finish the deposition.

The Federal Rules provide for a one-day deposition of seven hours. The Court "must allow additional time" if the deponent, another person, or other circumstances impede or delay the examination. That did not occur here. That the rule was written to say "1 day of 7 hours" indicates that the seven hours of deposition should occur on a single day, not that a deposition may occur on multiple days so long as the total time in deposition does not exceed seven hours. The parties should have been prepared to be present at the deposition from 2pm to 9pm; defense counsel and Shelby were prepared to participate for the duration. Shelby's inability to recall certain facts is not cause to allow a continuation into a second day, especially considering about four hours remained in deposition time on that day. Thus, Plaintiff's motion to compel a continuation of Shelby's

deposition (ECF No. 22) is **DENIED**; Defendant's motion to quash the deposition subpoena (ECF No. 20) is **DENIED AS MOOT** (because of the "standing" issue).

B.     Remaining Issues Raised in Plaintiff's Motion

   1.     Plaintiff's Deposition

There appear to be three issues related to Plaintiff's deposition: (1) when breaks should be taken, (2) how many attorneys for each side may speak or lodge objections during the deposition, and (3) the sequence of depositions in relation to the continuation of Plaintiff's deposition. (ECF No. 22).

During Plaintiff's deposition, Defendant's counsel asked Plaintiff about her relationship with two other Target employees. Before answering, Plaintiff asked if she could speak with her attorney. Defendant's counsel told her she could after answering the question. Counsel then clarified the question by breaking it down into components for Plaintiff to answer. Plaintiff's response to the questioning was unclear, so counsel sought to ask a follow-up question for clarity. Plaintiff's counsel did not allow Plaintiff to respond and terminated the deposition because Defendant's counsel would not agree to a break until the question was fully answered. (ECF No. 27, PageID.720-22).

Plaintiff seeks a protective order stating that parties may take short breaks when requested so long as no question is on the table at the time of the break. (ECF No. 22, PageID.312). Defendant agrees that breaks can be taken as long as

6

no question is on the table. From the Court's perspective, as the parties appear to agree, there was a question on the table when Plaintiff requested her break. Parties have a right to get a complete answer to a question before breaking, as counsel attempted during Plaintiff's deposition. Counsel was not inappropriately keeping Plaintiff from a break. In short, the Court agrees with the parties that breaks should be allowed when no question is on the table. The motion for protective order is **GRANTED** in this regard.

Next is the issue of how many attorneys may speak during depositions. Plaintiff's deposition was defended by Defendant's counsel Ms. Autrey. Defendant's counsel Mr. Orozco was also present and paused the deposition to speak with Plaintiff's counsel about document production. Mr. Orozco did not question Plaintiff. Ms. Autrey and Mr. Orozco did not speak over each other, Plaintiff, or Plaintiff's counsel. Plaintiff cited no authority suggesting that only one attorney may speak during a deposition; the Court is unaware of any. As stated above, parties are allowed more than one attorney present at a deposition. The transcripts provided thus far do not show inappropriate behavior or objections from Defendant's two attorneys present at Shelby's and Plaintiff's deposition. The Court will not order that only one attorney for Defendant may speak unless that attorney leaves. The motion for protective order is **DENIED** in this regard.

As for the sequence of depositions, Defendant states that the parties agreed at the beginning of discovery to take the depositions in the order they are noticed. Plaintiff did not refute this. Plaintiff's deposition was noticed before Ms. Turkiela's, another Target employee, yet Plaintiff wants Turkiela's deposition to occur before Defendant concludes Plaintiff's deposition. (ECF No. 27, PageID.716). To the extent that this dispute still exists, the parties have not offered a reason for the Court to order that they deviate from the plan they originally agreed to, which is to take depositions in the order they are noticed. According to that plan, Plaintiff's deposition should be concluded before Plaintiff takes Turkiela's deposition. The motion for protective order or to compel is **DENIED** such that the Court will not order Turkiela's deposition to commence yet.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: March 27, 2023
                                                  s/Curtis Ivy, Jr.
                                                  Curtis Ivy, Jr.
                                                  United States Magistrate Judge