UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPRICE WEBSTER,                                    Case No. 22-11293

     Plaintiff,                                     F. Kay Behm
v.                                                  United States District Judge

TARGET CORPORATION,                                 Curtis Ivy
                                                    United States Magistrate Judge

     Defendant.
_____ /

## ORDER OVERRULING OBJECTION (ECF No. 31)

### I.    PROCEDURAL HISTORY

The undersigned referred all discovery matters in this case to Magistrate

Judge Curtis Ivy.  (ECF No. 21).  Plaintiff, Caprice Webster, filed a motion to

compel deposition and for protective order.  (ECF No. 22).  Webster claimed that

the witness, Joseph Shelby, answered virtually none of the questions at his

deposition, and thus, moved to take a second deposition of this witness.  Judge

Ivy issued an order denying Webster's motion to compel.  (ECF No. 30).  Webster

filed an objection to Judge Ivy's order, and Defendant, Target Corporation, filed a

response.  (ECF Nos. 31, 32).  For the reasons explained below, the court

**OVERRULES** Webster's objection, **AFFIRMS** the Magistrate Judge's decision, and

determines on a going forward basis that only one attorney can act as counsel during depositions.

## II.     STANDARD OF REVIEW

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy.  Fed. R. Civ. P. 72(a).  The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law."  *Id.*  A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure.  *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted).  A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently.  *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d 536, 538 (E.D. Mich. 2014); *see also Anderson*

*v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

### III.   OBJECTION

Webster contends that while Judge Ivy acknowledged the one-day seven-hour rule, he failed to take into consideration the part of Federal Rule of Civil Procedure 30(d)(1) stating that a party must be given additional time to complete discovery, if needed, to fairly examine the deponent.  Webster contends that neither Target nor Judge Ivy offered any authority for disallowing the continued deposition of a fact witness when the deposition did not exceed the seven hours permitted in the Rule.  Not so.  Judge Ivy's authority is the Rule itself.  It provides for a maximum of seven hours of deposition testimony in a single day.  The court must allow additional time (1) if needed to fairly examine the deponent; or (2) if the deponent, or another person or other circumstances "impedes or delays the examination."  Fed. R. Civ. P. 30(d)(1).  Judge Ivy concluded that Webster had not made such a showing.  The court agrees.

Webster's request does not fall under the first exception to the one-day seven-hour rule because Webster's counsel did not use the seven hours contemplated by the rule.  As such, she is not entitled to "additional time."  As Target points out, Webster's counsel selected the start time of 2:00 pm with full

knowledge that the one-day seven-hour rule applied.  While Webster claims that

Mr. Shelby was not present and ready to be deposed until 9:00 pm, that claim is

belied by the record.  As Judge Ivy noted, there is clear record evidence showing

that Mr. Shelby was ready, willing, and able to allow for the full seven-hour

deposition.  For example, Mr. Shelby testified: "I apologize – first of all, I apologize

about – I apologize.  It was not meant to be any disrespect or anything of that

nature.  And you can – you know what, I'm here until you have all your questions

asked."  (ECF No. 22-2, Dep. of Joseph Shelby; 96:11-23).  After Webster's counsel

expressed her intention to terminate the deposition and resume on a different

day, Shelby's counsel reiterated that Shelby and counsel were both ready to finish

all seven hours on that day: "And I would just say defense counsel and Mr. Shelby,

our witness here, are for the record ready to go right now for the continued seven

hours."  (*Id*. at 99:21-24).  Accordingly, the court concludes that Judge Ivy's

decision is not clearly erroneous because "there is evidence in the record to

support" his findings and his "construction of that evidence is a reasonable one."

*Heights Cmty. Cong. v. Hilltop Realty, Inc*., 774 F.2d 135, 140 (6th Cir. 1985).

As to Webster's claim that she is entitled to more time because Mr. Shelby

and his counsel impeded the deposition by failing to answer questions and

lodging excessive objections, Judge Ivy concluded, after a review of the record,

that Mr. Shelby did not have adequate knowledge to answer certain questions

and that the objections did not unduly impede counsel's ability to ask questions:

> As for Defense counsels' objections, while there were
> occasions in which counsel for both sides argued the
> propriety of a line of questioning, the bulk of the
> deposition was a back and forth between Plaintiff's
> counsel and Shelby. When defense objected (and there
> were many objections), for example on the basis of
> "form," the objections were short with few words, not
> taking up an inordinate amount of time. In other words,
> on review of the transcript, the objections did not
> seriously interfere with counsel's ability to question
> Shelby; the objections were not a reason why Plaintiff
> did not complete the deposition.

(ECF No. 30, PageID.1005-06).  Judge Ivy's findings are supported by the

deposition transcript and thus, his conclusion is not clearly erroneous.

Lastly, Webster objects to Judge Ivy's conclusion that there is no rule

preventing two lawyers from speaking during the same deposition and asks this

court to rule otherwise.  Two lawyers lodged objections to counsel's questioning

of Mr. Shelby, and two lawyers also spoke during Webster's deposition, although

one lawyer questioned Webster.  (*See* ECF No. 27).  Judge Ivy observed that it did

not appear that both defense counsel objected at the same time or to the same

question and found that it was not inappropriate to have more than one counsel

present during a deposition, or for more than one to speak during the deposition,

so long as there is no talking over each other or opposing counsel.  (ECF No. 30, PageID.1006).  Judge Ivy pointed out that Webster failed to provide any authority for the proposition that two lawyers representing the same party could not both object or speak during a deposition.  *Id*. at PageID.1009.  Accordingly, his decision was not clearly erroneous.

However, Webster's counsel appears to ask this court for a ruling on this issue on a going forward basis and the court finds that only one attorney may act as counsel during any future depositions.  It is accurate that more than one lawyer may not examine or cross-examine a witness during a deposition without leave of court.  *See e.g., Bradley v. Rehma-Northwest Operating LLC*, 2015 WL 5996403, *2 (E.D. Mich. Oct. 15, 2015) (citing Fed. R. Civ. P. 30(c)(1) and E.D. Mich. L.R. 43.1).  There does not appear to be such a *per se* rule when it comes to objecting or speaking during a deposition.  Courts routinely, however, grant protective orders holding that only one attorney can act as counsel during a deposition in order to avoid confusion and the harassment and oppression of witnesses.  *See e.g.*, *Continental Casualty Co. v. Compass Bank*, 2005 WL 8158673 (S.D. Ala. Dec. 5, 2005) (pursuant to Rule 30(c) and a party's motion for protective order, courts have directed attorneys to designate one attorney as "the 'voice' of counsel at a deposition.") (quoting *Applied Telematics, Inc. v. Sprint Corp*., 1995

WL 79237, *4 (E.D. Pa. 1995) ("[O]nly one attorney for each party shall be permitted to act as counsel during a deposition.  The examination and cross-examination during a deposition proceed in the same manner as at trial.... Therefore, in order to proceed in a[n] effective manner, without harassing the witness, only one attorney at a time shall be designated as the 'voice' of counsel at a deposition."); *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 161 F.R.D. 32, 35 (E.D. Pa. 1995) ("We do rule, however, that only one attorney may ask questions at one time, because to have two attorneys conducting one examination would be confusing and could be harassing."); *In re Cummins*, 144 B.R. 426, 428 (W.D. Ark. 1992) ("The Court agrees that examination by multiple attorneys representing one party may be oppressive.... Accordingly, the Court will direct that only one attorney for each party may examine or cross-examine Hays during his deposition.").  Thus, going forward in this matter, only one attorney may act as the attorney for any witness in this matter.

For the reasons set forth above, the court **OVERRULES** Webster's objection, **AFFIRMS** the Magistrate Judge's decision, and determines on a going forward basis that only one attorney can act as counsel during depositions.

**SO ORDERED**.

Date: October 5, 2023                          s/F. Kay Behm
                                               F. Kay Behm
                                               United States District Judge